Filing # 127775190 E-Filed 05/28/2021 03:08:19 PM

IN THE COUNTY COURT OF THE NINETH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Michael LaBarge,

    *Plaintiff*,

v.

Convergent Outsourcing, Inc. and
LVNV Funding, LLC,

    *Defendants*.

Case No.:

Ad Damnum: $3,000 + Fees and Costs

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Michael LaBarge** ("Mr. LaBarge"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Convergent Outsourcing, Inc.** ("Convergent"), and **LVNV Funding, LLC** ("LVNV") (jointly, "the Defendants"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. LaBarge against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("FCCPA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d), the FCCPA, § 559.77(1) Florida Statutes, and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA an FCCPA and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Orange County, Florida, because the acts complained of were committed and / or caused by the Defendants within Orange County.

## PARTIES

5. **Mr. LaBarge** is a natural person and resided in Ocoee, Orange County, Florida at the time of this claim arose.

6. Mr. LaBarge is a *Consumer* as defined by the FDCPA, 15 U.S.C. §1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

7. **Convergent** is a Washington corporation with a primary business address of **800 SW 39th street, Suite 100, Renton, Washington 95805.**

8. Convergent's Florida Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

9. **LVNV** is a Delaware corporation with a primary business address of **3091 Governors Lake Dr., Suite 500, Peachtree Corners, GA 30071.**

10. LVNV's Florida Registered Agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

## DEFENDANTS ARE DEBT COLLECTORS

11. The Defendants are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that they use instrumentalities of commerce, including postal mail, telephone, the internet, and/or e-mail, interstate and within the State of Florida, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Convergent is licensed as a *Consumer Collection Agency* ("CCA") by the Florida Office of Financial Regulation, holding license number **CCA0900904. SEE PLAINTIFF'S EXHIBIT A.**

13. LVNV is also licensed as a CCA, holding license number **CCA9902540. SEE PLAINTIFF'S EXHIBIT B.**

14. As licensed CCAs, the Defendants know or should know their obligations under the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

15. At some time prior to May 2015, Mr. LaBarge allegedly became delinquent on a Credit One Bank, N.A ("**Credit One**") consumer charge card in the amount of $596.09 (the "**Debt**") for charges relating to the purchase of retail consumer goods for personal use.

16. The Debt arose from purchases for personal goods and therefore meets the definitions of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

17. Around May 2015, Credit One sold or otherwise assigned the Debt to LVNV, or to some other unknown successor-in-interest who then re-sold the Debt to LVNV.

18. Sometime within the last 12 months but prior to June 4, 2020, LVNV placed or assigned the Debt for collection with Convergent.

19. When assigning the Debt to Convergent for collection, LVNV communicated information to Convergent, including the amount of the Debt, the original creditor, the date of delinquency, the nature of the Debt, the original account number, the date of last payment, and Mr. LaBarge's personal contact information.

20. Mr. LaBarge never consented to the disclosure of information about the Debt to Convergent – an unrelated third party.

21. Convergent are not attorneys for LVNV, nor has the Debt been reduced to judgment at any point, nor is Convergent a consumer reporting agency.

22. Thus, LVNV disclosed information about Mr. LaBarge, his status as a debtor, and other information in violation of 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434 (11th Cir. Apr. 21, 2021).

23. Upon receiving placement of the Debt from LVNV, Convergent sent several collection letters to Mr. LaBarge, including one dated June 4, 2020. **SEE PLAINTIFF'S EXHIBIT C.**

24. Rather than prepare and mail a collection letter on its own, Convergent sent information to a commercial mail house called located in Oaks, Pennsylvania ("**Oaks**").

25. Convergent disclosed highly personal information regarding Mr. LaBarge to Oaks, including: (a) Mr. LaBarge's status as a debtor; (b) the fact that Mr. LaBarge supposedly owed $596.09 to Credit One; (c) the fact that the Debt concerned a Credit One charge card; and (d) the original credit card number relating to the debt.

26. Oak then populated some or all of this information into a pre-written template, printed, and mailed the letter from Pennsylvania to Mr. LaBarge's residence in Florida. *Id.*

27. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Mr. LaBarge's purported debt to a mail house.

28. Convergent's communication to Oaks involved disclosure of the Debt to a third-party with instructions to produce a collection letter and mail it to Mr. LaBarge, the consumer,

with the objective that the correspondence would motivate the consumer to pay some or all of the alleged Debt.

29. Convergent's communication to Oaks was thus "in connection with the collection" of the Debt.

30. Oaks is a distinct entity not owned by Convergent.

31. Oaks is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

32. Oaks is not an attorney as referenced in 15 U.S.C. § 1692c(b).

33. Mr. LaBarge never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with Oaks, nor any mail house.

34. 15 U.S.C. § 1692c(b) states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

35. The mail house used by Convergent as part of its debt collection effort against Mr. LaBarge does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

36. Due to Convergent's communication to Oaks, information about Mr. LaBarge, including his name, balance supposedly owed, purchase and payment dates, and the amount he supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

37. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the

debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

38. Communications from debt collectors to mail houses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt. *See generally, Hunstein*, No. 19-14434.

39. Convergent devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

40. This mail house strategy allowed Convergent to generate more profit and gain an advantage over competitors.

41. In reckless pursuit of these business advantages, Convergent disregarded the known, negative effects that disclosing sensitive medical information to an unauthorized third party would have on a consumer.

42. The Defendants' unauthorized and prohibited communications caused Mr. LaBarge, a consumer who highly values his privacy, significant emotional distress since his confidential, legally protected medical and personal information had been unlawfully disseminated to third parties.

43. Mr. LaBarge has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## CONVERGENT'S VIOLATIONS OF THE FDCPA

44. Mr. LaBarge adopts and incorporates paragraphs 1 – 43 as if fully stated herein.

45. Convergent violated **15 U.S.C. § 1692c(b)** when it disclosed information about Mr. LaBarge's purported Credit One debt to an unauthorized third-party mail house, Oaks, in connection with the collection of the Debt.

46. Convergent violated **15 U.S.C. § 1692f** by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive payment, transaction, and personal information about Mr. LaBarge to third parties not expressly authorized under the FDCPA.

47. Convergent intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

48. Convergent's conduct renders it liable for the above-stated violations of the FDCPA, and Mr. LaBarge is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE**, Mr. LaBarge respectfully requests this Honorable Court enter judgment against Convergent for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## LVNV'S VIOLATIONS OF THE FDCPA

49. Mr. LaBarge adopts and incorporates paragraphs 1 – 43 as if fully stated herein.

50. LVNV violated **15 U.S.C. § 1692c(b)** in that it communicated information about the Debt to Convergent, a third party, without Mr. LaBarge's consent or other permissible purpose, and Convergent was not an attorney for the creditor, the creditor, an attorney for LVNV, or a consumer reporting agency.

**WHEREFORE**, Mr. LaBarge respectfully requests this Honorable Court enter judgment LVNV, for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    b.     Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

    d.     Such other relief that this Court deems just and proper.

## COUNT III
## JOINT & SEVERAL VIOLATIONS OF THE FCCPA

51.     Ms. LaBarge adopts and incorporates paragraphs 1 – 43 as if fully stated herein.

52.     Convergent, as agent for LVNV, violated **Section 559.72(5), Florida Statutes**, when it disclosed to Oaks, a third party, information that would affect Mr. LaBarge's reputation, specifically details about his personal finances and purported unpaid bills. Convergent was aware that there was no legitimate business *need* to convey this information, since Convergent could easily have prepared and mailed the letter itself without any need to disclose the information to a third party.

53.     Instead, Convergent *intentionally decided* to disclose this information to Oaks as part of its debt collection effort against Mr. LaBarge because it allowed Convergent to gain a competitive advantage over the competition through increased profit margins.

54.     Convergent was acting on behalf of LVNV and within the scope of its authority.

55.     LVNV, as principal, is liable for the actions of Convergent, its agent.

56.     The Defendants' conduct renders them liable for the above-stated violations of the FCCPA, and Mr. LaBarge is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE**, Mr. LaBarge respectfully requests this Honorable Court enter judgment against Convergent and LVNV, jointly and severally, for:

    a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

    b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party when attempting to collect a consumer debt.

d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. LaBarge hereby demands a jury trial on all issues so triable.

Respectfully submitted on May 28, 2021, by:

**SERAPH LEGAL, P.A.**

*/s/ Bridget L. Dow*
Bridget L. Dow, Esq.
Florida Bar No.: 1022866
BDow@seraphlegal.com
*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
FL Bar #: 119168
BGeiger@SeraphLegal.com
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST
A    Convergent's Florida CCA License Record
B    LVNV's Florida CCA License Record
C    Convergent's Collection Letter to Plaintiff, Dated June 4, 2020

# EXHIBIT A
## Convergent's Florida CCA License Record

4/27/2021             License Details

# REALSYSTEM
## Regulatory Enforcement and Licensing

### Florida Office of Financial Regulation

Logan

**License Details**

Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

| | | |
|---|---|---|
| **License Number:** CCA0000904 | | *Current Date: 04/27/2021 10:48 AM* |
| **Name:** | CONVERGENT OUTSOURCING, INC. | |
| **License Type:** | Consumer Collection Agency | |
| **License Status:** | Current Active Registration | |
| **License Status Effective Date:** | 10/19/2020 | |
| **Expiration Date:** | 12/31/2021 | |
| **Original Date of Licensure:** | 08/01/2001 | |

**Addresses**

**Business Main Address**

Address:
800 SW 39TH STREET
SUITE 100
RENTON, WA
KING
98057
US
View on a map

Phone Number:
(623) 931-5400

**Mailing Address**

Address:
800 SW 39TH STREET
SUITE 100
RENTON, WA
KING
98057
US
View on a map

Search Results    New Search Criteria    New Search    Print

© 2018, MicroPact Version:2.11.8.62 (ds# 233)

# EXHIBIT B
## LVNV's Florida CCA License Record



Florida Office of Financial Regulation

Logon

**License Details**

Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

**License Number:** CCA9902540

Current Date: 04/26/2021 04:10 PM

| | |
|---|---|
| Name: | LVNV FUNDING LLC |
| License Type: | Consumer Collection Agency |
| License Status: | Current Active Registration |
| License Status Effective Date: | 10/22/2020 |
| Expiration Date: | 12/31/2021 |
| Original Date of Licensure: | 10/28/2011 |

**Addresses**

**Business Main Address**

Address: 6801 S. CIMARRON ROAD
SUITE 424-J
LAS VEGAS, NV
CLARK
89113
US
View on a map

Phone Number: (702) 692-4012

**Mailing Address**

Address: 55 BEATTIE PLACE
SUITE 110
LAS VEGAS, NV
CLARK
89119
US
View on a map

# EXHIBIT C
## Convergent's Collection Letter to Plaintiff, Dated June 4, 2020

ATERS001
PO Box 1280
Oaks, PA 19456-1280
CHANGE SERVICE REQUESTED

**Convergent**
Convergent Outsourcing, Inc.
800 SW 39th St., Suite #100/PO Box 9021
Renton, WA 98057-9021
Mon-Thu 6AM-8PM, Fri 6AM-5PM CST
800-404-3088

Date: 06/04/2020
Current Creditor: LVNV Funding LLC
Client Account #: [redacted]
Convergent Account #: [redacted]
Original Creditor: Credit One Bank, N.A.
Original Account Number: XXXXXXXXXXXX0401

Reduced Balance Amount: $ 238.44
Amount Owed: $ 596.09
Total Balance: $ 596.09

Michael Labarge
Redacted

**Reduced Balance Opportunity**

Dear Michael Labarge:

If you have the ability, we can accept 40% of your total balance due to satisfy your account. The full amount of $ 238.44 must be received in our office by an agreed upon date. If you are interested in taking advantage of this opportunity, call our office within 14 days of this letter.

Even if you are unable to take advantage of this opportunity, please contact our office to see what terms can be worked out on your account. We are not obligated to renew this offer.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it. If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.

In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific action such as making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

Sincerely,
Convergent Outsourcing, Inc. 800-404-3088

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---

Questions about Convergent visit http://convergenthelp.com/

**3 CONVENIENT WAYS TO PAY:**

Pay Online: Pay your bill online with your credit/debit card or checking account at www.payconvergent.com

Pay by Phone: We offer check by phone, Western Union, and credit/debit card. 800-404-3088.

Pay by Mail: Send payments to Convergent Outsourcing, Inc., PO Box 9021, Renton, WA 98057-9021.

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS & REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

Convergent Phone #: 800-404-3088
Date: 06/04/2020
Current Creditor: LVNV Funding LLC
Client Account #: [redacted]
Convergent Account #: [redacted]
Reduced Balance Amount: $ 238.44

Total Balance: $ 596.09
Amount Enclosed: US _____

**New Address:**
Address: _____
City: _____ ST _____ Zip: _____
Daytime Phone: ( ) _____ - _____
Evening Phone: ( ) _____ - _____

Convergent Outsourcing, Inc.
PO Box 9021
Renton WA 98057-9021

Questions about Convergent visit http://convergenthelp.com/

8400655631440000059609000023844

Page 12 of 12